UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DAVID COMBS,

    Petitioner,

  vs.

GARY SWARTHOUT, Warden,

    Respondent.
_____/

No. C 10-5549 PJH (PR)

**ORDER OF PARTIAL DISMISSAL AND FOR PETITIONER TO SHOW CAUSE**

This is a habeas case filed pro se by a prisoner at Solano State Prison in Vacaville. Petitioner filed it in the United States District Court for the Eastern District of California, which transferred it here. He was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

In 2002, petitioner pleaded guilty to several criminal charges, including inflicting corporal injury on a spouse, felony false imprisonment, first-degree burglary, and assault with a deadly weapon. He was sentenced to twenty-three years and four months in prison. He says in the petition that he did not appeal, but that in August of 2009 he started a round of state habeas petitions in which he raised the *Apprendi/Blakely/Cunningham* issues he presents here.

## DISCUSSION

Petitioner contends that the sentencing court's imposition of consecutive sentences and the upper term on some counts violated his rights under the United States Supreme Court's *Apprendi/Blakely/Cunningham* line of cases.

///

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 466. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court explained that "the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.* at 303. In *Cunningham v. California*, 549 U.S. 270, 273 (2007), the Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. *Id.* at 273.

A recent Supreme Court cases establishes that petitioner's contention regarding consecutive sentencing is without merit. *See Oregon v. Ice*, 129 S. Ct. 711, 717-18 (2009) (declining to extend *Apprendi* to a state's sentencing system that gives judges discretion to determine facts allowing imposition of consecutive or concurrent sentences for multiple offenses, noting that determination of consecutive versus concurrent sentences is traditionally not within the function of the jury). It will be dismissed. And although the other claim, that the sentencing court's selection of the upper term violated the Confrontation Clause, might have merit as an abstract matter, in this particular case it appears that it might be barred by the statute of limitations.

District courts may consider, sua sponte, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Before acting on its own initiative, a court must accord the petitioner fair notice and an opportunity to present his or her position. *Id.* at 210; *accord Herbst v. Cook*, 260 F.3d 1039, 1041, 1043 (9th Cir. 2001) (district court may raise sua sponte the issue of whether a habeas petition is time-barred under 28 U.S.C. § 2244(d), but the court may not dismiss the petition as untimely without providing the petitioner with notice and an opportunity to respond). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under

statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Petitioner says in the petition that he was sentenced in 2002 and did not appeal. Thus if the one-year statute of limitations is calculated in the usual manner under section 2244(d)(1)(A), as running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," this petition, not filed until 2010, probably is untimely. And statutory tolling would appear not to apply, because petitioner's first state habeas petition was not filed until 2009, long after the time to file a habeas petition appears to have expired.

Alternatively, it might be argued that the starting date for the statute of limitations period should be that set out in section 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2244(d)(1)(C). *Cunningham* does apply retroactively on collateral review, but only to convictions that became final on direct review *after* the decision in *Blakely* on June 24, 2004. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *cf. In re Gomez*, 45 Cal. 4th 650, 660 (Cal. 2009) (*Cunningham* applies to any California case in which the judgment was not final at the time the decision in *Blakely* was issued). Because

petitioner was sentenced in 2002 and did not appeal, it appears likely that his sentence became final well before *Blakely* was decided, and thus that *Cunningham* does not apply retroactively to this claim.

For these reasons, it appears that the petition may be untimely. Petitioner will be afforded an opportunity to show cause why it should not be dismissed.

## CONCLUSION

Petitioner's consecutive sentencing issue is **DISMISSED**. Within thirty days of the date this order is entered petitioner shall show cause why the remaining claim and the petition should not be dismissed as barred by the statute of limitations. The case will be dismissed if he does not respond or is unable to show cause.

**IT IS SO ORDERED.**

Dated: February 3, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\COMBS5549.OSC-P.wpd