UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DAVID COMBS,

    Petitioner,

vs.

GARY SWARTHOUT, Warden,

    Respondent.

No. C 10-5549 PJH (PR)

**ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE AND DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas case filed pro se by a state prisoner. It is directed to petitioner's 2002 conviction for inflicting corporal injury on a spouse, felony false imprisonment, first-degree burglary, and assault with a deadly weapon. Petitioner had a previous habeas case in this court, *Combs v. Carey*, C 06-0186 MMC (PR), directed to the same conviction. It was denied on the merits in an order entered on October 30, 2008, and the denial was affirmed on appeal. Petitioner's petition for a writ of certiorari in that case is pending in the United States Supreme Court.

    A habeas petitioner may not file a second or successive petition unless he or she first obtains from the appropriate United States Court of Appeals an order authorizing the filing. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit. And that he has a certiorari petition is pending in the Supreme Court does not prevent this petition from being second or successive. *See Ochoa v. Sirmons*, 485 F.3d 538, 540-41 (10th Cir. 2000) (holding that second petition is still barred as second or successive even if decision in first habeas case is pending on appeal).

    The petition is accordingly **DISMISSED** without prejudice to filing a new petition if

petitioner obtains the necessary order.  The pending motion for appointment of counsel (document number 8 on the docket) is **DENIED** as moot.

Because reasonable jurists would not find the court's ruling debatable or wrong, a certificate of appealability is **DENIED**.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c) (COA requirement); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (standard).  Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 30, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\COMBS5549.DSM.wpd